KEVIN G. CLARKSON
ATTORNEY GENERAL

Margaret Paton-Walsh (AK Bar No. 0411074)
Cori Mills (AK Bar No. 1212140)
Assistant Attorneys General
Department of Law
1031 West Fourth Avenue, Suite 200
Anchorage, AK 99501
Telephone: (907) 269-5275
Facsimile: (907) 276-3697
Email: margaret.paton-walsh@alaska.gov
　　　　cori.mills@alaska.gov

Attorneys for the State of Alaska

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ALASKA LIBERTARIAN PARTY and JON WATTS, <br><br> Plaintiffs, <br><br> v. <br><br> GAIL FENUMIAI, in her official capacity as Director of Elections, KEVIN MEYER in his official capacity as Lt. Governor, <br><br> Defendants | Case No. 3:20-cv-00127-JWS <br><br> **DECLARATION OF GAIL FENUMIAI** |

I, Gail Fenumiai, declare under penalty of perjury that the following is true and correct:

1.　I am the Director of the Division of Elections for the State of Alaska and I have personal knowledge of the matters stated in this affidavit.

2.　On July 7, 2019, the Alaska Libertarian Party (ALP) sent a letter to me

requesting reinstatement of limited political party status. On August 1, 2019, I responded explaining that ALP had lost its political party status and would have to re-apply by filing a petition. The letters are attached to this Declaration as Exhibits A and B respectively.

3. Each election cycle, nominating petition candidates under AS 15.25.140-.200 submit notice of filing a nominating petition by June 1 in the election year, and in order to get on the general election ballot, the candidate must submit signatures of qualified voters by the date of the primary election equaling at least one percent of the number of voters who cast ballots in the district for which the candidacy is sought in the preceding general election. This is similar to the requirement for limited political parties under AS 15.30.025, except for the deadline. Limited political parties do not have to provide notice by June 1, but have to submit the petition at least 90 days before the presidential general election. Both types of petitions can be filed at any time prior to the deadlines provided.

4. At this point, the Division of Elections has not received any petitions from other limited political parties. This is not all that surprising since the deadline for submission of limited political parties is August 5, 2020 for this election cycle.

5. On the other hand, the Division of Elections has already received five completed nominating petitions with signatures from individual candidates. Of the five petitions submitted, four of them were submitted after Governor Dunleavy issued the disaster declaration, and one was submitted in October 2019. To date, four of the five petitions submitted have been found to contain sufficient qualified signatures for the candidate to be placed on the ballot. The details of each of the nominating petitions that

*Alaska Libertarian Party, et al. v. Gail Fenumiai, et al.*     Case No. 3:20-cv-00127-JWS
Declaration of Gail Fenumiai     Page 2 of 5
Case 3:20-cv-00127-JWS     Document 12     Filed 06/29/20     Page 2 of 5

has been received and certified for the ballot are provided in the following paragraphs.

6. Nominating petition candidate Jamin L. Burton running for House District 7 turned in a total of 132 signatures on October 3, 2019. The minimum number of qualified signatures needed was 73.

7. Nominating petition candidate Elijah M. Verhagen running for House District 6 turned in a total of 77 signatures on June 1, 2020. The minimum number of qualified signatures needed was 69.

8. Nominating petition candidate James Baisden running for House District 30 turned in a total of 103 signatures on June 10, 2020. The minimum number of qualified signatures needed was 77.

9. Nominating petition candidate Ed King running for House District 34 turned in a total of 93 signatures on June 17, 2020. The minimum number of qualified signatures needed was 89.

10. There have also been two significant signature gathering efforts on two initiatives within the past year that may provide helpful information at least on the general rate of qualification and how many signatures could be gathered in-person directly preceding the pandemic. This information is available on the Division of Election's website: http://www.elections.alaska.gov/Core/initiativepetitionstatus.php.

11. The number of signatures required to get an initiative on the ballot must meet three requirements as set forth in AS 15.45.140: (1) "equal in number to 10 percent of those who voted in the preceding general election; (2) resident in at least three-fourths of the house districts of the state; and (3) who, in each of the house districts described in

*Alaska Libertarian Party, et al. v. Gail Fenumiai, et al.*     Case No. 3:20-cv-00127-JWS
Declaration of Gail Fenumiai     Page 3 of 5
Case 3:20-cv-00127-JWS   Document 12   Filed 06/29/20   Page 3 of 5

(2) of this subsection, are equal in number to at least seven percent of those who voted in the preceding general election in the house district." For the initiatives filed in 2019, the total number of qualified signatures required was 28,501.

12. 19AKBE, also known as the Better Elections Initiative, received petition booklets from the Alaska Division of Elections on October 31, 2019. Initiative sponsors turned in a total of 40,826 signatures on January 9, 2020. The Division of Elections verified that there were 36,006 qualified signatures, which equates to a qualification rate of 88 percent.

13. 19OGTX, also known as the Fair Share Initiative, received petition booklets from the Alaska Division of Elections on October 23, 2019. Initiative sponsors turned in a total of 44,881 signatures on January 17, 2020. The Division of Elections verified that there were 39,174 qualified signatures, which equates to a qualification rate of 87 percent.

14. Although the Alaska Libertarian Party appears to only be requesting injunctive relief in the form of a reduction in the number of signatures required or automatic approval to be placed on the ballot, it is important to understand the short timeline in which the Division has to act. Because of these short timelines, any extension of the August 5 deadline is not feasible.

15. The Division has to send out the general election ballots to certain uniformed and overseas voters under the Uniformed and Overseas Citizens Absentee Voting Act (42 U.S.C. 1973ff *et seq.*) by September 19, 2020. The Division must send the ballots to the printer by September 1, 2020 to ensure these legal requirements can be

*Alaska Libertarian Party, et al. v. Gail Fenumiai, et al.*     Case No. 3:20-cv-00127-JWS
Declaration of Gail Fenumiai     Page 4 of 5
Case 3:20-cv-00127-JWS    Document 12    Filed 06/29/20    Page 4 of 5

met. This means the Division only has 26 days to review the petition, in addition to operating and certifying the primary election and reviewing any nominating petitions that may come in.

By:     <u>/s/Gail Fenumiai    June 26, 2020</u>
             Gail Fenumiai          Date

Declarations have the same legal force as affidavits. 28 U.S.C. § 1746.

## CERTIFICATE OF SERVICE

I certify that on June 29, 2020, the foregoing document was served electronically on all parties via CM/ECF.

<u>/s/ Margaret Paton-Walsh</u>
Margaret Paton-Walsh
Assistant Attorney General

*Alaska Libertarian Party, et al. v. Gail Fenumiai, et al.*     Case No. 3:20-cv-00127-JWS
Declaration of Gail Fenumiai     Page 5 of 5
Case 3:20-cv-00127-JWS   Document 12   Filed 06/29/20   Page 5 of 5